UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZENON MAYA ALVARADO, on behalf of himself, individually, and on behalf of all others similarly situated, | **Case No.:** 1:25-cv-03599 |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| HOUSE OF ASTORIA RESTAURANT & LOUNGE INC., and ALI A. MOHAMAD, individually, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff ZENON MAYA ALVARADO, on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against HOUSE OF ASTORIA RESTAURANT & LOUNGE INC. ("HOA"), and ALI A. MOHAMAD, individually ("Mohamad") (collectively, the "Defendants"), alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on behalf of himself, individually, and on behalf of all others similarly situated to recover damages for Defendants' egregious, systemic, and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et. seq.*, and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 146-1.4; (iii) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, NYLL §§ 652, 198, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories

1

of accurate information on each payday, NYLL § 195(3), as codified in the NYCRR and the New York Wage Theft Prevention Act ("WTPA"); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendants own and operate an upscale hookah restaurant and lounge in the heart of Astoria, NY, that employs workers, waiters, chefs, kitchen staff, and other categories of personnel to work primarily at its principal place of business located at 2849 Steinway St, New York, NY 11103.

3.      As outlined herein, from November 5, 2022, through January 8, 2025, Plaintiff worked extensive and insufferable hours for Defendants, upwards of seventy-two or more hours per week, yet Defendants paid Plaintiff a flat weekly wage for his first forty hours of work each week, and no wages for any of his overtime hours worked each week, resulting in Plaintiff suffering unpaid overtime compensation in willful violation of both the FLSA, and the NYLL, as well as New York's Hospitality Industry Wage Order, 12 NYCRR § 146-1.4, *et. seq.* Plaintiff's coworkers, potential collective plaintiffs (as defined below) and the putative class (as defined below) were not compensated for their overtime hours of work.

4.      Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

5.      Moreover, Defendants failed to pay Plaintiff, and other similarly situated workers, an additional one (1) hour's pay at the New York minimum wage rate for each day during which Plaintiff's workday exceeded ten hours from start to finish, in violation of the NYLL and the

2

NYCRR's spread-of-hours provision, 12 NYCRR § 146-1-6.

6.     Separately, Defendants failed to maintain accurate and contemporaneous time records, paid Plaintiff any and all purported wages in cash without Plaintiff's consent, failed to furnish Plaintiff with any Wage Notice at the time of his hire, nor with any wage statements on each payday in willful violation of NYLL § 195(1)(3). As Defendants failed to disclose the hours worked by Plaintiff on a weekly basis, Defendants hid the extent of their underpayments to Plaintiff and putative class members.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

8.     The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

### *Plaintiff*

10.     At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" of the Defendants, entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

### *Defendant HOA*

11.     At all relevant times, Defendant HOA is a hookah restaurant and lounge that employs workers, waiters, chefs, kitchen staff, and other categories of personnel to work primarily at its principal place of business located at 2849 Steinway St New York, NY 11103.

12.     At all relevant times, Defendant HOA is a domestic profit business corporation, operating in the food and hospitality industry, and engaged in the business of purchasing and selling food and related consumable products to both instate and out-of-state consumers alike.

13.     At all relevant times, Defendant HOA is a corporation licensed in the State of New York to sell, transport and distribute alcoholic beverages to all of its customers.

14.     Defendant HOA is an enterprise subject to NYLL's Hospitality Industry Wage Order because Defendant HOA is an "eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service . . . ." 12 NYCRR § 146-3.1(b).

15.     At all relevant times, Defendants employed more than eleven (11) employees.

16.     At all relevant times, Defendant HOA's qualifying annual gross business revenue exceeded $500,000.00, Defendant HOA employed in excess of two or more people, and was engaged in interstate commerce within the meaning and the intent of the FLSA by ordering supplies from vendors that originated out of state and traveled across state lines in furtherance of its business operations such as alcoholic and non-alcoholic beverages, hookah products, food ingredients, condiments, and other consumable food-related products, kitchen tools, equipment, and machinery, and various other restaurant and kitchen-related products, all of which the Defendants moved, purchased and transacted through ordinary channels of instate commerce.

17.     Moreover, Defendant HOA accepts and accepted credit card payments pursuant to agreements with out-of-state merchants, and accepted cash from customers which naturally moved across state lines. The combination of the foregoing subjects Defendant HOA to the FLSA's requirements.

18.    At all relevant times, Defendant HOA was and is an "employer" of Plaintiff within the meaning and the intent of the FLSA, NYLL, and the NYCRR.

### ***Defendant Mohamad***

19.    At all relevant times, Defendant Mohamad is the owner of Defendant HOA and is the day to day operator and manager of Defendant HOA, who had and exercised exclusive power, authority, and discretion to set Defendant HOA's terms and conditions of employment for all workers, controlled all of its payroll policies, and implemented and enforced all workplace rules, including, without limitation, the unlawful practices complained of herein.

20.    At all relevant times herein, Defendant Mohamad exercised exclusive and direct control over the terms and conditions of Plaintiff's employment, in that Defendant Mohamad had and exercised the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) pay workers their owed wages; (iv) determine work schedules; (v) supervise work and control of the employees, including the Plaintiff herein; and (vi) affect the quality of the employees' work conditions and employment.

21.    At all relevant times, Defendant Mohamad provided instructions and directions to Plaintiff and Defendant HOA's other employees on how and when to perform their job duties, and supervised the day-to-day work that Plaintiff performed there during each day.

22.    At all relevant times, Defendant Mohamad was the individual responsible for overseeing and controlling all of the daily operations of Defendant HOA, actively participated in the day-to-day operations of Defendant HOA, provided instructions and directions to Plaintiff and the enterprise's other employees on how and when to perform their job duties, and supervised the work that Plaintiff performed there each day.

23.    At all relevant times, Defendant Mohamad has had the exclusive power and authority over all final personnel and payroll decisions of Defendant HOA, including all those relating to Plaintiff, and Defendant HOA's other employees.

24.    At all relevant times, Defendant Mohamad set and established Plaintiff's rate of pay, and paid Plaintiff his wages.

25.    Defendant Mohamad hired Plaintiff to work at Defendant HOA and ultimately terminated Plaintiff's employment there.

26.    At all relevant times herein, Defendant Mohamad was responsible for maintaining all employment records of Defendant HOA, including, without limitation, any and all records relating to Plaintiff's hours worked and pay.

27.    Defendant Mohamad regularly required Plaintiff and similarly situated employees to handle, sell, or work with packaged food and other goods for its business, all of which Defendant Mohamad purchased and transported through the ordinary channels of interstate commerce.

28.    Moreover, Defendant Mohamad required Plaintiff and similarly situated employees to perform work involving and related to packaged food and other consumer goods for Defendants' business, which were and are sold to in and out of state consumers alike, and which subjects Defendants to the FLSA's overtime requirements for individuals.

29.    Accordingly, at all relevant times, Defendant Mohamad was and is the "employer" of Plaintiff within the meaning and the intent of the FLSA, the NYLL, and the NYCRR.

## **FACTUAL ALLEGATIONS**

30.    Defendants employed Plaintiff to perform work within Defendants' commercial kitchen from on or about November 5, 2022 through January 8, 2025.

31.    Plaintiff's primary job duties tasked him with preparing food orders, readying ingredients, receiving orders, working the counter, arranging food and other items within Defendants' place of business, and covering work for the other kitchen workers on their days off, as well as performing related and miscellaneous duties for Defendants, including, without limitation, cleaning and inventory.

32.    From on or about November 5, 2022 through on or about September 30, 2024, Defendants required Plaintiff to work, and indeed Plaintiff did regularly work, a schedule of six (6) days per week, from Fridays through Sundays, from 12:00PM until 12:00AM, and from Tuesdays – Thursdays, from 1:00PM until 1:00AM, or later, for a total workday of twelve hours worked per day, and a total work week consisting of seventy-two or more hours worked per week.

33.    On or about September 30, 2024, Defendants unilaterally cut Plaintiff's workdays from six days per week, to five days per week, resulting in Plaintiff's work week being reduced to sixty hours per week. Therefore, from on or about October 1, 2024, through the termination of Plaintiff's employment on or about January 8, 2025, Defendants required Plaintiff to work, and indeed Plaintiff did regularly work, a regular schedule consisting of sixty hours per week.

34.    Defendants paid Plaintiff a flat weekly lump-sum amount, without any regard for the number of hours Plaintiff worked each day, or each week, for Plaintiff's first forty (40) hours of work each week, in the amount of approximately $1,380.00 from on or about November 5, 2022 to on or about September 30, 2024; and $1,000.00 from on or about October 1, 2024 to on or about January 8, 2025.

35.    Defendants failed to pay Plaintiff any compensation for any of his hours of work beyond forty in a workweek.

36.    By paying Plaintiff a flat weekly lump-sum amount without regard for the number of hours Plaintiff worked each day, or each week, Defendants violated NYLL's Hospitality Industry Wage Order, which mandates that, "[e]mployers may not pay employees on a daily, weekly, salary, piece rate or other non-hourly rate basis." 12 NYCRR § 146-2.5.

37.    Although Plaintiff regularly worked seventy-two or more hours worked per week from on or about November 5, 2022, through on or about September 30, 2024, and sixty or more hours per week from on or about October 1, 2024, to on or about January 8, 2025, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) his regular hourly rate of pay for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA, NYLL, and NYCRR.

38.    Furthermore, despite regularly requiring Plaintiff to work shifts in excess of ten hours in a workday from start to finish, Defendants never provided Plaintiff with one (1) additional hour's pay at the applicable New York minimum wage rate, pursuant to the NYLL's and NYCRR's spread-of-hours provisions. 12 NYCRR § 146-1.6.

### _Defendants' Other Willful Violations of Law_

39.    In addition to engaging in rampant wage theft each week, Defendant knew that Plaintiff was performing significant overtime work, which legally required overtime pay, yet deliberately failed to provide Plaintiff with any overtime pay in their scheme to undercut Plaintiff's wages and maximize profits for Defendants' sole benefit and gain.

40.    Adding insult to injury, in addition to Defendants' failing to pay Plaintiff any compensation for any of his hours of work beyond forty in a workweek and failing to provide Plaintiff with any spread-of-hour compensation, worse, Defendants did not require nor enable a

system, whether written or electronic, for their kitchen workers, including Plaintiff, to record their working hours, and failed to provide any pay records to Plaintiff,

41.     Defendants' FLSA and NYLL violations described herein were deliberate and willful, as demonstrated by, *inter alia*, Defendants failing to keep accurate and contemporaneous payroll records as required by both NYLL and the FLSA, and willfully failing to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NYLL, and 12 NYCRR § 146-2.4, in Defendants' attempt to conceal their unlawful conduct from Plaintiff and others similarly situated.

42.     In furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated, Defendants failed to provide Plaintiff, prior to the start of employment, with any written notice of Plaintiff's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, neither in English, nor in Spanish (Plaintiff's primary language), in willful violation of the requirements of 12 NYCRR § 146-2.2.

43.     Defendants' failure to provide wage notices deprived employees of the knowledge of their actual hourly rates of pay and of knowledge of their overtime rate (or lack thereof).  The lack of required disclosures harmed Plaintiff's as knowledge of their "real" hourly rates and overtime rates would have permitted Plaintiff's to negotiate higher compensation and/or search for other employment.

44.     Further, the failure to disclose this information was an essential component of Defendants' scheme to underpay employees.  The failure to disclose this information and/or by disclosing misleading, wrong information, Defendants were able to hide their wrongdoing from employees.

45.     Likewise, Defendants' failure to provide earning statements deprived employees of the knowledge of their actual hours of work, their calculated hourly rates of pay, and of knowledge of their overtime rate (or lack thereof).  The lack of required disclosures harmed Plaintiff's as knowledge of their "real" hours of work, hourly rates and overtime rates would have permitted Plaintiff's to negotiate higher compensation, search for other employment, and/or raise discrepancies in their pay immediately to Defendants.

46.     Further, the failure to disclose this information was an essential component of the Defendants' scheme to underpay employees.  The failure to disclose this information and/or disclosing misleading, wrong information, Defendants were able to hide their wrongdoing from employees.

47.     Adding insult to injury, in addition to Defendants' failing to pay Plaintiff any compensation for any of his hours of work beyond forty in a workweek and failing to provide Plaintiff with any spread-of-hour compensation, worse, on each occasion when Defendants paid Plaintiff, Defendants paid Plaintiff in cash, while failing to provide Plaintiff with any paystub, wage statement, or other written document, let alone one that included, *inter alia*, his accurate hours worked, and regular and overtime rate of pay for that pay period, in willful violation of the requirements of 12 NYCRR § 146-2.3.

48.     In furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated, Defendants failed to establish, maintain and preserve payroll records, which shall show for each employee, *inter alia*: regular and overtime hourly wage rates; the amount of gross wages; deductions from gross wages; the amount of net wages; and the number of hours worked daily and weekly, including the time of arrival and departure for each employee

working a split shift or spread of hours exceeding ten, in willful violation of the requirements of 12 NYCRR § 146-2.1.

49.     Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day because, lacking any documentation from Defendants that showed his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

50.     If the Defendants had provided Plaintiff with paystubs accurately reflecting the actual hours he works and has worked and that he was entitled to be paid for all hours, Plaintiff would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

51.     Indeed, because Plaintiff was not aware that he should have received compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff waited years before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

53.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

54.     At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

55.     Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

56.     The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

57.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

58.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP

23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated

who, during the applicable limitations period, were subjected to violations of the NYLL and the

NYCRR.

59.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial workers who performed work
> for any of the Defendants in New York during the statutory period
> within ("Rule 23 Plaintiffs").

60.     All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

61.     Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have

been uncompensated, under-compensated, or untimely compensated due to Defendants' common

policies, practices, and patterns of conduct. For instance, Plaintiff and the Rule 23 Plaintiffs have

suffered a concrete injury in fact and as a result have been actually harmed by Defendants'

nonpayment of any proper minimum wages or overtime wages. Specifically, Plaintiff and the Rule

23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper

minimum wages or overtime wages, invest said wages, accrue interest on their wages, or otherwise

utilize the value that their wages would have held had they been properly paid to Plaintiffs.

## Numerosity & Ascertainability

62.     During the applicable NYLL limitations period, the Defendants have, in total,

employed at least 40 other employees that are putative members of this class.

63.     The precise number of the Rule 23 Plaintiffs is readily ascertainable through a

review of Defendants' personnel, time, and payroll records.

## Common Questions of Law and/or Fact

64.    There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff, including whether their rates of pay fell below the New York minimum wage rate; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (6) whether the Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (7) whether the Defendants have any affirmative defenses to any of Rule 23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to Rule 23 Plaintiffs were in violation of the NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

65.    As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular and overtime hours worked; and Defendants did not provide them with accurate wage statements on each pay day as required by applicable law. Plaintiff and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid at or above the minimum wage,

14

for all overtime compensation due, and to be furnished with accurate wage notices upon hire and wage statements on each payday.

66.    Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

67.    Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at least at the minimum wage rate, nor for all overtime hours due, nor did Defendants furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

68.    Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

69.    Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them,

sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs'
counsel has handled hundreds of employment cases in federal districts courts, including dozens of
Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiff's counsel will fairly and
adequately represent the interests of the putative class and will take all steps necessary to obtain
class certification and appointment as class counsel.

### Superiority

70.    A class action is superior to the alternatives, if any, for the fair and efficient
adjudication of the controversy alleged herein, because such treatment will permit a large number
of similarly situated persons to prosecute their common claims in a single forum simultaneously,
efficiently, and without duplication of evidence, effort, and expense that numerous individual
actions would engender. This action will result in the orderly and expeditious administration of
Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent
and varying determinations. Plaintiff knows of no difficulty that will be encountered in the
management of this litigation which would preclude its maintenance as a class action.

71.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims
that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants
treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

72.    Any lawsuit brought by a worker based in New York and employed by Defendants
would be identical to a suit brought by any other such employee for the same violations.  Thus,
separate litigation would risk inconsistent results.

73.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any
other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

74.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

75.     Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

76.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

78.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

79.     As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

80.     Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

81.     The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiff of his rights to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

82.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

83.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

84.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.    N.Y. Lab. Law § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

86.    Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

87.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

88.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

89.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Spread-of-Hours Pay in Violation of the NYLL and the NYCRR*

90.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     N.Y. Lab. Law § 652 and 12 NYCCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

92.     As described above, Defendants are "employers" within the meaning of the NYLL and NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCCRR.

93.     As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action with spread of hours pay when their workday exceeded ten hours from start to finish.

94.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to this extra hour of pay at the minimum wage rate, for all days worked in excess of ten hours.

95.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

96.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

97.     Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

98.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

99.     As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.7, *et seq*.

100.     Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct pay period.

101.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

### FIFTH CLAIM FOR RELIEF AGAINST RESPONDENTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

102.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

103.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

104.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

105.    As also described above, Defendants failed to furnish Plaintiff with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

106.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

107.    Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

21

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

  f. Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

  g. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  i. Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

  j. Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

  k. Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

## NY BCL § 630 NOTICE AND DEMAND

Plaintiff hereby gives this notice, in writing, to each shareholder of Defendant, and any of its parents, subsidiaries, or affiliated entities that is served with the summons and complaint in this action, that they intend to hold the shareholders liable under New York Business Corporation Law § 630. This notice is given within one hundred and eighty days after termination of the employment services of Plaintiff.

Plaintiff also demands an examination of the record of shareholders under paragraph (b) of § 624 (Books and records; right of inspection, prima facie evidence) of New York Business and Corporation Law.    An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the Defendant upon a judgment recovered against it for such services. The provisions of this paragraph shall not apply to an investment company registered as such under an act of congress entitled "Investment Company Act of 1940."

Dated: New York, New York
       June 27, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By:    _____
       AVRAHAM Y. SCHER, ESQ.
       ROBERT KANSAO, ESQ.
       JON NORINSBERG, ESQ.
       825 Third Avenue, Suite 2100
       New York, New York 10022
       Tel.: (212) 227-5700
       *Attorneys for Plaintiff and Putative Class and Collective*