UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ZENON MAYA ALVARADO, | : | |
| Plaintiff, | : | SECOND AMENDED PROPOSED JOINT PRETRIAL ORDER |
| -against- | : | 25-CV- 03599 (BMC) |
| HOUSE OF ASTORIA RESTAURANT & LOUNGE INC., and ALI A. MOHAMAD, individually, | : | |
| Defendants. | : | |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

ZENON MAYA ALVARADO v

HOUSE OF ASTORIA RESTAURANT & LOUNGE INC., and ALI A. MOHAMAD, individually.

**Trial Counsel**

**Plaintiff:**
Elizabeth Pollock, Esq.
epollock@employeejustice.com
Madeline Howard, Esq.
madeline@employeejustice.com
Emily Tompkins, Esq.
emily@employeejustice.com
Joseph & Norinsberg, LLC
825 3rd Ave, #21
New York, NY, 10022
Tel: 212-227-5700
Fax: 212-656-1889

**Defendants:**
Leon I. Behar, Esq.

lbehar@aol.com
Kyle Egan Djurovic, Esq.
kyleedjurovic@gmail.com
LEON I. BEHAR, P.C., ATTORNEYS & COUNSELLORS AT LAW
347 Fifth Avenue, Suite 1402 -162
New York, New York 10016
Tel: (212) 242-0500
Fax: (212) 242-0518

**Jurisdiction**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law. "It is well settled that NYLL and FLSA claims that arise out of the same compensation policies and practices derive from the same common nucleus of operative fact," and thus the federal court may exercise supplemental jurisdiction. *Roma v Carmili*, 761 F Supp 3d 481, 491 (EDNY 2024), citing *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 551 (SDNY 2017). Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**Claims and Defenses to be Tried**

**See Plaintiff's Amended Complaint**, ECF No. 23. Plaintiff has asserted the following claims in this matter:

1. Unpaid overtime under the FLSA, 29 U.S.C. § 207(a) (Plaintiff's Amended Complaint ¶¶ 83-90.)

2. Unpaid overtime under the NYLL § 160 and 12 NYCRR § 146-1.4. (Plaintiff's Amended Complaint ¶¶ 91-96.)

3. Failure to pay "spread-of-hours" pay under NYLL § 652 and 12 NYCCRR § 146-1.6. (Plaintiff's Amended Complaint ¶¶ 97-102.)

4. Retaliation under FLSA, 29 USC §215(a)(3). (Plaintiff's Amended Complaint ¶¶114-117.)

5. Retaliation under NYLL §215. (Plaintiff's Amended Complaint ¶¶114-117.)

This Court has dismissed Plaintiff's claims under the New York Wage Theft Prevention

Act (Plaintiff's Amended Complaint ¶¶ 103-113,) and those claims will not be pursued at trial. Further, Plaintiff will be proceeding individually and will not be pursuing this case as a class or collective matter.

**See Defendants' Amended Answer**, ECF No. 27. Defendants have asserted the following defenses in this matter:

1. Failure to Properly State a Cause of Action Upon Which Relief May be Granted. (Defendants' Amended Answer ¶¶7-8.)
2. Proper Compensation for a Forty-Hour Workweek. (Defendants' Amended Answer ¶¶9-13.)
3. Inability to Pierce the Corporate Veil to Impose Liability upon Defendant Ali Mohamad. (Defendants' Amended Answer ¶¶16-20.)
4. Lack of Subject Matter Jurisdiction. (Defendants' Amended Answer ¶¶21.)
5. Conformity with FLSA 29 U.S.C. §201. (Defendants' Amended Answer ¶¶22.)
6. Good Faith and Reasonable Belief for Compliance with the FLSA. (Defendants' Amended Answer ¶¶23.)
7. Failure to Show Reckless Disregard for Compliance with the FLSA. (Defendants' Amended Answer ¶¶24.)
8. Seeking to Recover For Time That is Not Compensable. (Defendants' Amended Answer ¶¶25.)
9. Entitlement to Offset. (Defendants' Amended Answer ¶¶26.)
10. Inability to Seek and Limitations on Any Punitive Damages. (Defendants' Amended Answer ¶¶27.)
11. Failure to Demonstrate Behavior / Actions Entitling Plaintiff to Punitive Damages. (Defendants' Amended Answer ¶¶28.)
12. De Minimis Work Time Not Compensable Under the FLSA. (Defendants' Amended Answer ¶¶29.)
13. Seeking Alleged Damages Not Recoverable Under the FLSA. (Defendants' Amended Answer ¶¶30.)
14. Compliance With Recordkeeping Requirements of the FLSA. (Defendants' Amended Answer ¶¶31.)
15. Estoppel. (Defendants' Amended Answer ¶¶32-38.)
16. Irregularities in Alleged Workhours. (Defendants' Amended Answer ¶¶39.)
17. Lack of Entitlement to Protections under the FLSA, NYLL, NYCRR, WTPA or United

States Constitution Due to Lack of Citizenship / Residency. (Defendants' Amended Answer ¶¶40.)

18. Failure to Mitigate Damages. (Defendants' Amended Answer ¶¶41.)
19. Barring of Claims by Doctrines of Waiver, Estoppel and/or Laches. (Defendants' Amended Answer ¶¶43.)
20. Failure to Exhaust Administrative Remedies. (Defendants' Amended Answer ¶¶44.)
21. Good-Faith Conformity with Department of Labor Regulations and Practices. (Defendants' Amended Answer ¶¶45.)

Plaintiff has withdrawn the class/collective nature of this proceeding and has reverted to proceeding individually. To the extent Defendants had raised defenses against the previously purported class or collective nature of this proceeding (Defendants' Amended Answer ¶¶14-15, 40) these defenses are acknowledged as moot.

**Jury/Non-Jury**

This case is to be tried before a jury. The estimated number of trial days is 4.

**Trial Before Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**Stipulations**

1. Individual Defendant is a majority owner of the Corporate Defendant.
2. Individual Defendant interviewed Plaintiff.
3. Individual Defendant made the decision to hire Plaintiff.
4. Plaintiff was employed by Defendants as a cook from November 2022 until January 2025.
5. Plaintiff filed his Complaint in this matter on June 27, 2025.
6. On September 11, 2025, an employee of Defendants, Jose Perez, put in a police report with the New York City Police Department alleging that Plaintiff had threatened him with a knife in January 2025.
7. Defendants filed an Answer to Plaintiff's Complaint in this matter on September 17, 2025.
8. Corporate Defendant grossed at least $500,000 annually.
9. Corporate Defendant engaged in interstate commerce.
10. Corporate Defendant is subject to the FLSA as an enterprise.

**Witnesses**

Plaintiff intends to call the below witnesses:

1. Individual Defendant Ali Mohamad; Individual Defendant is part owner and operator of the Corporate Defendant in this matter, and is expected to testify regarding, *inter alia*, he general terms and conditions of Plaintiff's employment and the facts and circumstances underlying his allegations.

2. Plaintiff Zenon Maya Alvarado; Plaintiff is expected to testify regarding his experiences as an employee of Defendants and the facts and circumstances underlying his claims, including but not limited to his hours worked.

3. Nazih Chahin; Mr. Chahin is and has been employed by Defendants as a manager. He is expected to testify regarding the terms and conditions of Plaintiff's employment and the facts and circumstances underlying Plaintiff's claims, including but not limited to the circumstances of Plaintiff's termination.

4. Jose Perez; Mr. Perez is and has been employed by Defendants, and his employment overlapped with Plaintiff's. Mr. Perez filed a police report against Plaintiff. He is expected to testify as to the terms and conditions which applied to Plaintiff's employment with Defendants and the facts and circumstances underlying Plaintiff's claims.

5. Mohamad Elder; Mr. Elder is and has been employed by Defendants as a manager. He is expected to testify regarding the terms and conditions of Plaintiff's employment and the facts and circumstances underlying Plaintiff's claims, including but not limited to the circumstances of Plaintiff's termination.

Defendants intend to call the below witnesses:

1. Individual Defendant Ali Mohamad; Individual Defendant is part owner and operator of the Corporate Defendant in this matter, and is expected to testify regarding, *inter alia*, he general terms and conditions of Plaintiff's employment and the facts and circumstances underlying his allegations. Defendant is expected to testify that Plaintiff never worked overtime or requested payment for any alleged overtime. Witness is expected to testify that Plaintiff never worked overtime or requested payment for any alleged overtime

2. Plaintiff Zenon Maya Alvarado; Plaintiff is expected to testify regarding his experiences as an employee of Defendants and the facts and circumstances underlying his claims, including but not limited to his hours worked.

3. Nazih Chahin; Mr. Chahin is and has been employed by Defendants as a manager. He is expected to testify regarding the terms and conditions of Plaintiff's employment and the facts and circumstances underlying Plaintiff's claims, including but not limited to the circumstances of Plaintiff's termination. Witness is expected to testify that Plaintiff never worked overtime or requested payment for any alleged overtime

4. Jose Perez; Mr. Perez is and has been employed by Defendants, and his

employment overlapped with Plaintiff's. Mr. Perez filed a police report against Plaintiff. He is expected to testify as to the terms and conditions which applied to Plaintiff's employment with Defendants and the facts and circumstances underlying Plaintiff's claims. Witness is expected to testify that Plaintiff never worked overtime or requested payment for any alleged overtime

5. Mohamad Elder; Mr. Elder is and has been employed by Defendants as a manager. He is expected to testify regarding the terms and conditions of Plaintiff's employment and the facts and circumstances underlying Plaintiff's claims, including but not limited to the circumstances of Plaintiff's termination. Witness is expected to testify that Plaintiff never worked overtime or requested payment for any alleged overtime

6. Ana Lucia Radford; Ms. Radford was employed by Defendants as a waitress at the same time as Plaintiff. She is expected to testify regarding her observations of Plaintiff's work hours and other terms and conditions of his work. Ms. Radford was never deposed and has never been interviewed by Defendants' attorneys.

Objections:

| **Witness Name** | **Objection** | **Basis for Objection** |
|---|---|---|
| Ali Mohamad | | |
| Zenon Maya Alvarado | | |
| Nazih Chahin | | |
| Jose Perez | | |
| Mohamad Elder | | |
| Ana Lucia Radford | | |

**<u>Deposition Transcripts</u>**

**<u>Plaintiff</u>**

Please see Plaintiff's marked deposition transcripts provided to the Court along with this Order. Plaintiff anticipates requesting the use of the following deposition testimony at trial. Defendants do not object to the use of any of the below sections:

| Plaintiff's Deposition Designations | Defendant's Counter-Designations |
|---|---|
| 1. Deposition of Ali Mohamad<br>○ p. 17:21-23<br>○ p. 24:3-5<br>○ p. 29:11-30:18<br>○ p. 31:3-13<br>○ p. 33:25-34:21<br>○ p. 43:15-45:11<br>○ p. 48:8-49:7<br>○ p. 50:4-6<br>○ p. 51:17-52:2<br>○ p. 52:16-54:3<br>○ p. 55:7-20<br>○ p. 59:3-60:19 | See Defendants' Sub-Section Below |
| 2. Deposition of Nazih Chahin<br>○ p. 15:19-16:24<br>○ p. 19:25-24:7<br>○ p. 36:16-37:5<br>○ p. 42:3-5<br>○ p. 23:10-17<br>○ p. 42:3-17<br>○ p. 43:17-44:7<br>○ p. 45:15-47:5 | See Defendants' Sub-Section Below |
| 3. Deposition of Mohamad Elder<br>○ p. 20:7-13<br>○ p. 29:7-31:25<br>○ p. 33:7-35:7<br>○ p. 43:24-44:2<br>○ p. 56:13-59:3 | See Defendants' Sub-Section Below |
| 4. Deposition of Jose Perez<br>○ P. 10:10-11:10<br>○ p. 19:14-20:17<br>○ p. 18:11-22:4<br>○ p. 25:1-29:15<br>○ p. 41:22-42:18<br>○ p. 44:3-20<br>○ p. 51:12-21<br>○ p. 52:10-23<br>○ p. 54:7-22<br>○ p. 55:14-17 | See Defendants' Sub-Section Below |

**Defendants**

Defendants may introduce the entire transcripts of the following deposed witnesses:

1. Plaintiff's Deposition; taken December 10, 2025.
2. Deposition of Ali Mohamad
3. Deposition of Nazih Chanin
4. Deposition of Mohamad Elder
5. Deposition of Jose Perez

****Plaintiff's objections to Defendant's Deposition Designations****

**Objection:** Defendant cannot introduce and use the deposition transcripts as substantive evidence for their own witnesses unless the witness is unavailable to testify at trial under Federal Rule of Civil Procedure 32(a)(4). *See U.S. v. Intl. Bus. Machines Corp*., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)(explaining "Rule 32 was intended to provide deposition use as a substitute for live testimony under certain circumstances. The rule was not intended to allow parties to combine deposed with live testimony."). Defendant must first make an affirmative showing that Defendant Ali Mohamad, and witnesses, Nazih Chahin, Mohamad Elder, and Jose Perez, are all "unavailable," within the meaning of Rule 32. Where a witness is deemed "unavailable" due to the "witnesses' (1) death, (2) location more than 100 miles away from the trial or hearing, (3) impediment due to age, health, or incarceration, or (4) when the party seeking the witnesses' testimony has been unable to procure the witness by subpoena." *Merex A.G. v. Fairchild Weston Sys., Inc*., No. 85CIV.6596 (MJL), 1996 WL 227826, at *11 (S.D.N.Y. May 3, 1996)(citing Fed. R. Civ. P. 32.).

Defendant must first make an affirmative showing that each of Defendant's witnesses are "unavailable," under Rule 32 prior to introducing the transcripts of these witnesses at trial. Failure to establish a showing of "unavailability," precludes Defendant's from using their witnesses' deposition transcripts as substantive evidence. Should Defendant attempt to improperly use deposition transcripts for their own witnesses, absent an unavailability showing, Courts have regarded such conduct as sanctionable. *See Merex A.G. v. Fairchild Weston Sys., Inc.*, No. 85CIV.6596 (MJL), 1996 WL 227826, at *8 (S.D.N.Y. May 3, 1996)(finding conduct in disregard of FRCP 32 is sanctionable under Section 1927).

**Objection**: Plaintiff objects to the introduction of any unduly prejudicial or irrelevant excerpts from Plaintiff's deposition, including but not limited

to discussions of Plaintiff's immigration status. Plaintiff reserves his right to add additional objections.

**Exhibits**

*Plaintiff's Exhibits:*

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| 1. Text Messages: MAYA000001 | | |
| 2. Text Messages: MAYA000002 | | |
| 3. Text Messages: MAYA000003 | | |
| 4. Text Messages: MAYA000004 | FRE 403, Fabrication | The "65 Hour Schedule" therein was prepared solely by Plaintiff and may not be admitted as "proof" of time worked. |
| 5. Text Messages: MAYA000005 | | |
| 6. Text Messages: MAYA000006 | | |
| 7. Text Messages: MAYA000007 | | |
| 8. Text Messages: MAYA000009 | | |
| 9. Text Messages: Defendants 1 | | |
| 10. Text Messages: Defendants 2 | | |
| 11. Text Messages: Defendants 3 | | |
| 12. Text Messages: Defendants 4 | FRE 403, Fabrication | The "65 Hour Schedule" therein was prepared solely by Plaintiff and may not be admitted as "proof" of time worked. |
| 13. Text Messages: Defendants 5 | | |
| 14. Text Messages: Defendants 6 | | |

| | | |
|---|---|---|
| 15. Text Messages: Defendants 7 | | |
| 16. Pay Records | | |
| 17. Police Report | | |

*Defendants' Exhibits:*

| **Exhibit** | **Objection** | **Basis for Objection** |
|---|---|---|
| A. Pay Records | FRCP 801, 802, Hearsay | Plaintiff objects to the admission of the "Pay Records" exhibit because Defendants have not identified the documents comprising it and appear to include a purported "work schedule" within that exhibit. Combining distinct documents into a single exhibit is improper, and the exhibit should be excluded. Plaintiff further objects to the "work schedule," exhibit as it is an out of court statement that is being offered for the truth of any statements contained therein. |
| B. Police Report | FRCP 802, Hearsay | Plaintiff objects to the admission of the police report against Plaintiff to the extent it is being offered for the truth of any statements contained therein. |

**<u>Relief Sought</u>**

**Plaintiff** seeks payment of his alleged economic damages under the FLSA and NYLL, including:

1. Unpaid overtime pay under the FLSA and NYLL;
2. Unpaid spread-of-hours pay under the NYLL;

3. Liquidated damages under the FLSA and NYLL;

4. Emotional distress damages for his retaliation claims under the NYLL and FLSA;

5. Attorney's fees and costs (See *Gao v. Perfect Team Corp.*, No. 10 CV 1637 (ENV) (CLP), 2017 U.S. Dist. LEXIS 5028, at *7-8 (E.D.N.Y. Jan. 11, 2017) ("[t]he FLSA is a fee-shifting statute and the Court must award a reasonable attorney's fee to a prevailing party in an FLSA action");

6. Appropriate prejudgment interest.

**Defendants** seek dismissal of the Complaint, with prejudice, plus attorney's fees and costs pursuant to law.

**SO ORDERED.**

____________________________________
U.S.D.J.

Dated: Brooklyn, New York
, 20